UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

OPELTON KELLY,

       Plaintiff,

                                        File No. 2:07-CV-206

v.

                                        HON. ROBERT HOLMES BELL

UNKNOWN HOLMAN, et al.,

       Defendants.
                                     /

## **O P I N I O N**

On December 14, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Opelton Kelly's *pro se* prisoner civil rights action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. (Dkt. No. 4, R&R.) Plaintiff filed objections to the R&R on December 26, 2007. (Dkt. No. 5, Pl.'s Obj.) Plaintiff filed a motion to supplement his objections on March 6, 2008. (Dkt. No. 7, Mot. to Suppl. Obj.) Plaintiff filed two motions for leave to file amended objections on June 27, 2008, and June 30, 2008. (Dkt. Nos. 9, 11, Mots. for Leave to File Am. Obj.)

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff alleges in his complaint that Defendants fabricated a major misconduct report against him in retaliation for Plaintiff's filing of a civil rights action against other corrections officers, and that as a result of the fabricated misconduct report Plaintiff's mattress was taken away from him for ten days. Plaintiff objects to the recommendation that his complaint be dismissed because he contends that he has adequately stated a Fourteenth Amendment procedural due process claim, an Eighth Amendment cruel and unusual punishment claim, and a First Amendment retaliation claim.

The R&R recommended that Plaintiff's Fourteenth Amendment procedural due process claim be dismissed because "if Plaintiff had a right implicating the due process protections of the Constitution, Plaintiff received due process of law" when he received a hearing on his major misconduct ticket. (R&R 4.) Plaintiff contends that although he eventually received a hearing which resulted in the dismissal of the misconduct and the return of his mattress, he has nevertheless stated a procedural due process claim because he did not receive a hearing before his mattress was removed.

The Magistrate Judge correctly determined that Plaintiff has not stated a procedural due process claim. Plaintiff has not suggested the basis for his assertion that he has a constitutionally protected property interest in an MDOC mattress. Moreover, even if he has asserted a constitutionally protected property interest, Plaintiff acknowledges that his allegation that he was deprived of the mattress in retaliation for his exercise of constitutional rights suggests a random and unauthorized act. As Plaintiff states in his objections,

Defendants "were not acting pursuant to any established state procedure, but instead, were apparently pursuing a random, unauthorized personal vendetta against the plaintiff because of the lawsuit on Hinsa et al." (Dkt. No. 5, Pl.'s Obj. to R&R 4.)  It is well established in this Circuit that "'a state actor's random and unauthorized deprivation' of procedural due process 'cannot be challenged under 42 U.S.C. § 1983 so long as the State provides an adequate postdeprivation remedy.'" *Pilgrim v. Littlefield*, 92 F.3d 413, 416-17 (6th Cir. 1996) (quoting *Albright v. Oliver*, 510 U.S. 266, 284 (1994) (Kennedy, J., concurring)); *see also Wilson v. Beebe*, 770 F.2d 578, 583-84 (6th Cir. 1985) ("[W]e hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").  Here, there is no question that the state provided a meaningful postdeprivation remedy.  Accordingly, Plaintiff has failed to state a procedural due process claim.

The R&R recommended that Plaintiff's claim under the Eighth Amendment be dismissed because "Plaintiff's allegations regarding the seven day denial of a mattress do not rise to the level of an Eighth Amendment violation." (R&R 4.)  Plaintiff objects to the R&R's recommendation because he contends that he was deprived of the minimum standards of human treatment and was subjected to unnecessary and intense pain and suffering to his neck, side, and back when he was forced to sleep on the cold, hard concrete for ten days as a result of Defendants' malicious conduct that was not related to any

3

penological interest. (Dkt. No. 7, Mot. to Suppl. Obj. 3; Dkt. No. 9, Mot. re Am. Obj. 8.)

The Magistrate Judge correctly determined that Plaintiff's allegations are not sufficient to state a claim under the Eighth Amendment. "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (internal quotation marks and citations omitted). Plaintiff has alleged that when he was put on mattress restriction he had to sleep on a concrete bed with two thin soft pieces of blanket for cover. (Compl. p. 7, ¶ 5.) The temporary deprivation of a mattress suggests a loss of comfort, but not a deprivation of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. Plaintiff's allegations accordingly fail to state a claim under the Eighth Amendment and are subject to dismissal.

Plaintiff alleged in his complaint that Defendants retaliated against him "for exercising his first and 14th Amendment right against Joenie Hinsa, Sherri and Karen Gollinger." (Compl. pp. 5-6, ¶ V). He further alleged that Defendants participated in the unconstitutional conduct against Plaintiff "out of retaliation for filing a Lawsuit." (Compl. p. 9, ¶¶ 31-33.) The R&R recommended that Plaintiff's retaliation claim under the First Amendment be dismissed because Plaintiff failed to allege any specific facts in support of such an assertion. (R&R 4.)

4

"'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). There is no heightened pleading standard for civil rights claims made pursuant to § 1983. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 165-68 (1993). Nevertheless, although the standard of notice pleading under Rule 8 is liberal, "'conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (quoting *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)).

The allegations in Plaintiff's complaint regarding retaliation are mostly conclusory. The allegations do little more than hint at the factual basis for Plaintiff's retaliation claim. However, in his objections Plaintiff has alleged the underlying facts with more specificity. Plaintiff has alleged that he never had problems with Defendants until May 1, 2007, when they found out about Plaintiff's lawsuit against other correctional staff, *Kelly v. Hinsa*, *et al.*, File No. 2:06-CV-211, at which time Defendant Holman made a statement to Plaintiff to the effect of "You'll be dealt with." (Dkt. No. 5, Obj. 4; Dkt. No. 7, Mot. to Suppl. Obj. ¶¶ 2, 3, 11, 21; Dkt. No. 9, Mot. for Leave to File Am. Obj. 8 .)

The Court is satisfied that Plaintiff's complaint, as fleshed out by the factual allegations in his objections, is sufficient to state a claim of retaliation in violation of the

First Amendment. Accordingly, the Court declines to adopt that portion of the R&R that addresses Plaintiff's retaliation claim.

An order consistent with this opinion will be entered.

Date:   July 18, 2008             /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE